IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TODD CARLTON SMITH,

    Plaintiff,                      No. MISC S-08-0061 LKK DAD PS

    vs.

STEVEN LAFRINERE,                 FINDINGS AND RECOMMENDATIONS

    Defendant.

_____/

        Plaintiff is a Florida state prisoner confined in a correctional facility in Hutchinson, Kansas. Plaintiff, proceeding pro se, has filed a petition for writ of execution and for registration of a judgment entered in the United States District Court for the District of Kansas. Plaintiff has filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 as well as a motion for an order directing the prison financial office to send money from his inmate account to pay the filing fee. The proceeding has been referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        Although a filing fee of $39.00 is required to commence a miscellaneous civil action, federal courts are permitted to authorize the commencement of any civil action without prepayment of fees or security therefor by a litigant who submits an affidavit demonstrating inability to pay. 28 U.S.C. § 1915(a). However, when a prisoner brings a civil action, the

1

prisoner is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has had any funds within the six months immediately preceding the commencement of the action, the court must assess an initial partial filing fee and direct the appropriate agency to collect the initial partial filing fee from the prisoner's inmate account and forward it to the court. Id. After payment of any initial partial filing fee, the prisoner is obligated to make monthly payments as specified in the statute, with all payments to be collected and forwarded by the appropriate agency until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

Here, plaintiff's affidavit in support of his motion to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a). Based on the inmate account statement provided by plaintiff's institution, the court would be required to assess an initial partial filing fee of $24.26 and order that the $14.74 balance be paid in accordance with 28 U.S.C. § 1915(b).

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In the present case, the petition demonstrates that on June 20, 2005, plaintiff obtained a default judgment in the amount of $1,000 in actual damages and $5,000 in punitive damages against defendant Steven Lafrinere in a civil rights action in the United States District Court for the District of Kansas. Judgment was entered in favor of four other defendants and against plaintiff. On March 13, 2008, the Kansas court issued a writ of execution upon the

Sheriff of Shawnee County for service upon defendant Lafrinere at his last known address. The writ directed the Sheriff to seize non-exempt personal property belonging to the defendant and sell it in satisfaction of the judgment. On March 17, 2008, the Sheriff returned the writ unserved with the following notation "No Service. Lives in California - Army." Plaintiff states that the Kansas court informed him "that the last known address of the defendant Steven Lafrinere, is with the United States Armed Forces, the Army Division in California." Plaintiff asks this court to register his Kansas judgment and issue a writ of execution "to the Sheriff of the said County in which the defendants Army Post is station[ed]."

      Plaintiff has not alleged enough facts to state a claim for relief that can be granted by this court. Unlike Kansas, which has a single judicial district encompassing all counties in the state, California has four judicial districts, each encompassing some of California's fifty-eight counties. While thirty-four counties are located in the geographical area encompassed by the United States District Court for the Eastern District of California, it does not appear that there is a major U.S. Army base located in this district at the present time. Fort Irwin is the only active U.S. Army base in California, and that base is located San Bernardino County. A United States Army Garrison is located in Monterey County, and a Combat Support Training Center for Army Reserve units is headquartered at Fort Hunter Liggett, which is also located in Monterey County. None of these facilities are located within the Eastern District of California,[1] as San Bernardino County is located within the judicial district for the Central District of California, and Monterey County is located within the judicial district for the Northern District of California.

      In the absence of any indication that defendant Lafrinere can be found within the Eastern District of California, this court cannot issue the writ of execution plaintiff seeks. Nor can this court transfer plaintiff's case to any other district court in California, in the absence of any information about the county in which defendant resides. Moreover, plaintiff is informed

---

[1]  See http://usmilitary.about.com/library/milinfo/statefacts/blca.htm.

that special rules apply to default judgments against members of the United States military. If defendant Lafrinere was already a member of the U.S. Army when default judgment was entered against him in 2005, the judgment may be invalid.

For all of these reasons, the undersigned will recommend that plaintiff's motions and petition be denied without prejudice to filing an action in the proper district court once plaintiff determines whether his judgment is valid and where the defendant resides.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's May 12, 2008 motion to proceed in forma pauperis (Doc. No. 2) and motion for order directing the prison financial office to forward the filing fee (Doc. No. 3) be denied; and

2. This action be dismissed without prejudice for failure to state a claim upon which this court may grant relief.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty (30) days after these findings and recommendations are served by the Clerk of the Court, plaintiff may file written objections with the court. A document containing objections must be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 4, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\smith0061.ifpden.f&r